IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Hancock Fabrics, Inc., a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1:11-cv-00096-CSM ) |
| Gateway Fashion Mall, LLC, a Delaware, Limited Liability Company, and Jo-Ann Stores, Inc., an Ohio Corporation, | ) ) ) ) ) |
| Defendants. | ) ) |

**STIPULATED PROTECTIVE ORDER**

Certain information disclosed during the course of this action may contain confidential, proprietary and/or trade secret information on the disclosing party. Therefore, to preserve the status of the material and information so disclosed,
**IT IS HEREBY STIPULATED AS FOLLOWS:**

PURPOSE OF THIS PROTECTIVE ORDER

1.  The purpose of this Stipulated Protective Order is to provide a means for limiting access to, use of and disclosure of confidential information provided by Hancock Fabrics, Inc., a Delaware Corporation, Gateway Fashion Mall, LLC, a Delaware Limited Liability Company, and Jo-Ann Stores, Inc., an Ohio Corporation (collectively, "Parties").

2.  All Confidential Information (as that term is hereafter defined) produced formally or informally by the Parties contained in deposition or trial testimony, answers to interrogatories or responses to requests for documents, including copies, summaries and abstracts of the foregoing, (collectively the " Information")  shall be used solely for the purpose of this litigation, and not for any business or other purpose whatsoever.

DESIGNATION AND DISCLOSURE OF "CONFIDENTIAL" INFORMATION

3.  All Information  (i) as to customers or customer lists of any of the parties,  (ii) as to the parties suppliers, (iii) as to blue prints, design graphics, process flow diagrams, or design relating to store designs for stores or store operations of the parties, (iv) related to any products distributed by any of the parties, (v) related to planning, projections, or marketing strategies, (vi) related to personnel issues or matters, (vii) related to leasing real

property, or (viii) regarding financial matters, including but not limited to pricing or profits in sales to customers, is herby designated as **CONFIDENTIAL.**

4. If any party (or non-party) wishes to designate as confidential any additional Information beyond that designated in paragraph 3 hereof as **CONFIDENTIAL** that party may do so.

5. The designation of any matter as **CONFIDENTIAL** by this Stipulation, or subsequent to the execution of this Stipulation, shall not be construed as a waiver by any party of their right to take the position that such matter is not a trade secret, confidential, or proprietary and/or should not be entitled to the future protection of this Stipulation. In the event any party claims that Information designated as Confidential (the "Confidential Information") should not be protected by the provisions of this Stipulation, they shall identify such Information (hereafter the "Disputed Information") in writing. Until either (1) the parties agree that the Disputed Information is not protected by the provisions of this Stipulation, or a (2) Court rules that the Disputed Information is not entitled to the protection provided by this Stipulation, the Disputed Information shall be protected by, and governed by, the provisions of this Stipulation.

6. In the event of a dispute, Information, to be protected by this Stipulation, must meet the following requirements:

   A. Confidential Information must be confidential, proprietary and/or trade secret information of the producing party.

   B. Confidential Information must have been derived by a party subject to this Stipulation from either this lawsuit or on account of, or because of, disclosures (including testimony or documents) arising solely out of this lawsuit. It is the specific intent of this Stipulation that no party may avoid the provisions of this Stipulation by using matters disclosed in this lawsuit to identify, from other sources, the Confidential Information, or any part thereof, and then claim that this Stipulation no longer applies to such Information.

7. Access to Confidential Information shall be permitted by the receiving party only to the Court; court reporters; counsel of record in this litigation, their associates, partners, of counsel attorneys, clerical, secretarial and support staff (including copying services); experts (as hereafter provided) and to additional individuals who have read this Stipulated Protective Order in advance of disclosure and have agreed in writing to be bound by its terms, who shall also sign the Acknowledgment set out below, with the original signature held by the counsel who originated the signing, with copies served on the producing party (the "Additional Recipients"). If a party objects to Confidential Information, or portions thereof, being disclosed to an Additional Recipient, that party may seek a limiting order from the Court if counsel for the parties cannot resolve the dispute. No copies of Confidential Information shall be delivered to any other persons without the written consent

of the counsel of record for the party who has provided the Confidential Information. Confidential Information shall not be entered into a data bank without the written consent of the counsel for the party producing the Confidential Information. Notwithstanding the foregoing, Confidential Information may be copied and/or entered into a computer for internal use by persons entitled to have access to the Confidential Information for purposes of this litigation or as part of their normal exchange of information between each other.

7(a). Experts. A receiving party may disclose any Information or item designated "CONFIDENTIAL" to experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment, the original of which shall be retained (but not served on the producing party) by counsel for the receiving party. For purposes of this Order, an expert is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. Nothing herein shall require any party to provide disclosures regarding experts greater than required by the Federal Rules of Civil Procedure or by Court Order.

8. If it is necessary for a receiving party to file with the Court documents or deposition excerpts which have been designated as "**CONFIDENTIAL**," all such materials, and all pleadings, memoranda or other papers which reproduce or summarize the information contained in such materials, shall be filed under seal with the Court in envelopes or other suitable containers bearing a statement substantially in the following form:

**"CONFIDENTIAL"**
**"This envelope contains CONFIDENTIAL documents**
**which are filed in this case by (name of party). It is not**
**to be opened, nor the contents displayed or revealed,**
**except by Order of the Court."**

If only a portion of the information contained in a pleading, memorandum or other papers is subject to designation as **"CONFIDENTIAL"** pursuant to this Stipulated Protective Order, the filing party should redact confidential portions from the whole, to the extent that it is practicable. However, where significant redactions would otherwise be required, it may be more reasonable for the filing party to submit the entire document under seal.

9. If a party wishes to add a document produced by that party to the Information herein, or subsequently, designated as **CONFIDENTIAL,** the producing party shall mark the document **"CONFIDENTIAL"** in a conspicuous manner prior to production to the receiving party. The failure to so mark a document, however, shall not be construed as a waiver of this Stipulation as to any Information already designated, or clearly identified by some other manner, as **CONFIDENTIAL.** The parties may agree that opposing counsel may first review potentially responsive documents that have not been marked, with the

3

understanding that all documents selected for copying will be properly marked prior to delivery to the reviewing counsel.  With respect to depositions, if it appears that a portion of a deposition will involve topics appropriate for designation as **"CONFIDENTIAL,"** then persons other than those identified in Paragraph 7 above shall be excluded from that portion of the deposition.  With respect to deposition transcripts, and in addition to any designations made on the record during the deposition and which appear in the transcript of the deposition, each party may designate any additional portion of the deposition of any of its current or former officers, employees or agents to be **"CONFIDENTIAL"** if it appears that the deposition will involve topics appropriate for such designation.   With respect to testimony given during trial, the designating party shall indicate on the record at the time the testimony is taken that the testimony contains, or is expected to contain, Confidential Information.

10.    Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon his or her examination of confidential information, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not make any disclosure of confidential information to a person who is not an Additional Recipient.

## DOCUMENTS OBTAINED THROUGH OTHER SOURCES

11.    The restrictions set forth in any of the preceding paragraphs shall not apply to information which: (a) is, or becomes, public knowledge as shown by publicly available writings, other than through violation of this Stipulated Protective Order; (b) is acquired by a non-designating party from a non-party lawfully possessing such information and/or having no obligation to the owner thereof; or (c) was lawfully possessed by a non-designating party prior to discovery in this lawsuit.  Any person who is the author or copy recipient of a document designated **"CONFIDENTIAL"** may be shown the document for the purpose of interrogation of such person by deposition or at trial or during the course of preparation for a deposition or for testimony at trial.

12.  Nothing in this Stipulation, or any Order entered pursuant to this Stipulation, shall restrict or affect, in any way, the right or ability of a party hereto to use or disclose its own Confidential Information, as that term is defined herein.

## NO IMPLIED WAIVER OR ADMISSION

13.    Acceptance by a party of information disclosed pursuant to this Stipulated Protective Order shall not be construed as an admission that the disclosed information constitutes confidential or proprietary information and/or trade secrets.  A party shall not be obligated to challenge the propriety of a designation of a document or information as **"CONFIDENTIAL"** at the time the designation is made, and failure to do so shall not preclude subsequent challenge to the designation or constitute any admission of

confidentiality.  In the event that any party to this litigation objects at any stage of these proceedings to the propriety of a designation by the producing party of any information as confidential information, the parties shall first try to resolve such disagreement in good faith on an informal basis.  If the disagreement cannot be thus resolved, the objecting party may seek appropriate relief from this Court, and the producing party shall have the burden of proving, by the preponderance standard, that the information designated as **"CONFIDENTIAL"** is in fact confidential and thus subject to the restrictions of this Order.

## RIGHT TO SEEK FURTHER PROTECTION FROM THE COURT

14. Any party may hereafter apply to the Court for relief from this Stipulated Protective Order or for further protection of confidential or proprietary information and/or trade secrets.  This Order shall not prejudice the applicant in any way in making such application.  If a party believes in good faith that certain of its Confidential Information is of a character which should not be disclosed even to opposing outside counsel, the party may apply to the Court for additional appropriate protection.

## APPLICATION TO NON-PARTIES

15. It is expressly contemplated and agreed that the terms of this Stipulated Protective Order are applicable to confidential information designated as **"CONFIDENTIAL"** by a non-party, and/or produced by a non-party in connection with this litigation, and that the parties will treat all such designated confidential information of a non-party in accordance with the terms of this Order.

## INADVERTENT PRODUCTION OF DOCUMENTS

16. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege; provided that the producing party shall notify the receiving party of such inadvertent production no later than the first time the producing party knows of its receipt by the receiving party.  Such inadvertently-produced documents shall be returned to the producing party upon request, provided that the producing party makes a showing of the circumstances surrounding the documents' inadvertent production.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them.  With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement within five (5) business days, the producing party may petition the Court to resolve the matter.  The receiving party shall not disclose the document, for which the belated claim of immunity or privilege is being made, to any persons, other than those persons who have had it in their possession prior to receipt of notification from the producing party, until the expiration of the later of ten (10) business days from the date of the claim of privilege or immunity or, if the matter is submitted to the Court, until disposition of the matter.  Nothing in this Stipulated Protective Order precludes

either party from petitioning the Court for return of later discovered, inadvertently-produced documents that are entitled to work production immunity or attorney/client privilege protection. In any event, any waiver of work product immunity or attorney-client privilege shall only apply to the inadvertently-produced documents and shall not operate as a waiver of the subject matter(s) encompassed by the inadvertently-produced documents.

### RETURN OF CONFIDENTIAL DOCUMENTS

17. Within thirty (30) days of the final termination of this litigation, and all subsequent appeals, each receiving party shall, upon written request, return to each producing party all materials which have been designated by the producing party as '**CONFIDENTIAL"** and shall destroy all copies, digests or summaries which have been made of, or prepared from, such documents. Any Confidential Information entered into any computer or other data bank, if any, shall be deleted. However, outside counsel may retain one copy of any pleading containing **"CONFIDENTIAL"** information, for archival purposes, which Confidential Information shall continue to be subject to this Order.

### ENFORCEMENT

18. In the event of a violation of this Stipulation, or any Order entered pursuant to this Stipulation, by any individual, entity, or person, the entity who produced the Confidential Information shall be entitled, in addition to any available contempt of court remedies, to injunctive relief. In addition, the party may recover from both the person violating this Stipulation and the party responsible for disclosing the Confidential Information if the disclosure was not in compliance with this Stipulation, jointly and severally, any actual damages of any kind or nature that might be proved.

19. The parties stipulate that the Court may enter a Confidentiality Order, upon the application of any party, incorporating in a Court Order the provision of this Stipulation.

### EXECUTION AND COUNTERPART

20. The provisions of this Stipulated Protective Order shall become effective upon execution by counsel for all parties. This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any party upon the signature page of this Stipulated Protective Order shall be binding upon the parties and may be submitted as though such signatures were original signatures.

Dated this 9th day of February, 2012.

        ZUGER KIRMIS & SMITH
        Attorneys for Plaintiff
        P.O. Box 1695
        Bismarck, ND 58502-1695
        Telephone: 701-223-2711
        Email: lkirmis@zkslaw.com


        BY: s/ Lyle W. Kirmis_____
          Lyle W. Kirmis   ID#03162

Dated this 9th day of February, 2012.
        PEARCE & DURICK
        Attorneys for Defendant Gateway Fashion Mall, LLC
        P.O. Box 400
        Bismarck, ND 58502-0400
        Telephone: 701-223-2890
        Email: jps@pearce-durick.com


        BY: s/ Rachel A. Bruner-Kaufman_____
          Jonathan Sanstead ID#05332
          Rachel A. Bruner-Kaufman

Dated this 9th day of February, 2012.

        FREDRIKSON & BYRON, P.A.
        Attorneys for Defendant Jo-Ann Stores, Inc.
        P.O. Box 1855
        Bismarck, ND 58502-1855
        Telephone: 701-221-4020
        Email: lbender@fredlaw.com
            mschoepf@fredlaw.com


        BY: s/ Michael D. Schoepf_____
          Lawrence Bender ID#03908
          Michael D. Schoepf ID#07076

## ACKNOWLEDGEMENT
### (add additional date and signature lines as required)

      The undersigned hereby acknowledge that they have read the above Stipulation and agree to, and will be bound by, and subject to, all of the terms thereof as to any Confidential Information as above defined.

Date:_____          _____

Date:_____          _____

Date:_____          _____

**ORDER**

Pursuant to the above Stipulation, the Court hereby enters its Order incorporating the terms of the parties Stipulated Protective Order as set out above.

Dated this 14th day of February, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge

5066973_2.DOC