IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Hancock Fabrics, Inc., a Delaware Corporation, | ) ) ) | **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING MOTION TO AMEND THE COMPLAINT** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Gateway Fashion Mall, LLC, a Delaware Limited Liability Company, and Jo-Ann Stores, Inc., an Ohio Corporation, | ) ) ) ) ) | Case No. 1:11-cv-096 |
| Defendants. | ) | |

Before the Court is the Plaintiff's "Motion for Dismissal with Specific Terms or in the Alternative to Amend the Complaint" filed on August 17, 2012. See Docket No. 24. The parties stipulated to an extension of time for Gateway Fashion Mall, LLC to respond to the motion. See Docket No. 30. The Court adopted the stipulation for extension of time and gave the Defendant Gateway Fashion Mall until September 17, 2012 to respond to the Plaintiff's motion. See Docket No. 31. The Defendant, Gateway Fashion Mall, did not file a response. For the reasons set forth below, the motion to dismiss is denied and the motion to amend the complaint is granted.

I. **BACKGROUND**

On December 9, 2011, Plaintiff, Hancock Fabrics, Inc. ("Hancock Fabrics"), filed suit against Defendants, Gateway Fashion Mall, LLC ("Gateway Fashion Mall") and Jo-Ann Stores, Inc. ("Jo-Ann Stores"). The matter was removed from the District Court of Burleigh County in the State of North Dakota to the United States District Court for the District of North Dakota, Southwestern Division, by request of the Defendant Jo-Ann Stores pursuant to 28 U.S.C. § 1441. See Docket No. 1. Hancock

Fabrics alleged Gateway Fashion Mall breached the provisions of an agreement between the parties, under which Gateway Fashion Mall leased a space in the mall in Bismarck, North Dakota to Hancock Fabrics. See Docket No. 1. Specifically, Hancock Fabrics alleged Gateway Fashion Mall breached the lease by permitting Jo-Ann Stores, also a tenant of the mall, to move its operations to a different location in violation of Hancock Fabrics' "Exclusive" lease provision. See Docket No. 1.

On June 21, 2012, a settlement conference was held before Magistrate Judge Charles S. Miller, during which Hancock Fabrics and Gateway Fashion Mall reached a confidential settlement agreement. The agreement was subject only to Gateway Fashion Mall and Jo-Ann Fabrics resolving a dispute between the parties as to the payment of attorney's fees. The settlement agreement was read into the record in open court in Judge Miller's chambers. In the month that followed, the terms of the settlement agreement were disputed and could not be agreed upon in order to finalize a written agreement.

On June 28, 2012, Lyle Kirmis, attorney for Hancock Fabrics, sent to Jonathan Sanstead, attorney for Gateway Fashion Mall, a proposed Lease Amendment memorializing the settlement terms. See Docket No. 26-4. On July 10, 2012, Sanstead sent an e-mail requesting substantive changes in both the "Exclusive" provision and the "Prohibited Uses" provision that had not been agreed to at the settlement conference. See Docket No. 26-6. Based on Gateway Fashion Mall's communications through Sanstead, Gateway Fashion Mall asserts there is no settlement because further changes to the "Prohibited Uses" provision beyond the changes agreed to in the settlement agreement are requested. Hancock Fabrics and Gateway Fashion Mall engaged in further settlement discussions. Unfortunately, no agreement could be reached.

Hancock Fabrics now requests that the Court order a dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure that will enforce the settlement reached in open court. See Docket No. 24. In the alternative, an order allowing Hancock Fabrics to file an amended complaint is sought. See Docket No. 24. No response has been filed by the Defendant Gateway Fashion Mall.

## II. LEGAL ANALYSIS

### A. MOTION FOR DISMISSAL

Hancock Fabrics first asks the Court to dismiss their complaint and enforce specific terms through the Court's order. See Docket No. 24. Rule 41(a)(2) of the Federal Rules of Civil Procedure states in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Unless otherwise stated, dismissals under Rule 41(a)(2) are to be made without prejudice. Fed.R.Civ.P. 41(a)(2). In this case, Hancock Fabrics asks for the claims to be dismissed with prejudice in accordance with the original settlement terms purportedly discussed at the settlement conference.

It is well-established that "[m]otions to dismiss without prejudice are addressed to the sound discretion of the district courts." Witzman v. Gross, 148 F.3d 988, 991-92 (8th Cir. 1998) (citing Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)). In exercising its discretion a court should consider the following factors:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

Id. at 992 (citing Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987)). These factors aside, the primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side." Paulucci, 826 F.2d at 782. Courts have traditionally held that the applicable standard is whether the defendant would suffer some "plain legal prejudice." N.Y., C. & St. L.R. Co. v. Vardaman, 181 F.2d 769, 770 (8th Cir. 1950) (citing Cone v. W. Va. Pulp & Paper Co., 330 U.S. 212, 217 (1947)); see also Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997); Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996); Phillips v. Ill. Cent. Gulf R.R., 874 F.2d 984, 986 (5th Cir. 1989).

The Court is not of the opinion that a motion to dismiss under Fed.R.Civ.P. 41(a)(2) is the appropriate avenue to enforce the settlement agreement in this case, especially considering the fact that Hancock Fabrics' motion requests an order for dismissal with prejudice. The original complaint was filed more than a year ago, and various pleadings and documents have been filed since that date. Significant time has been expended by the parties' attorneys as well as the Court. Additionally, it is possible the Defendants will be prejudiced by a dismissal which would effectively disallow the Defendants a further opportunity to remedy the disagreements realized during settlement negotiations. The Court notes that Gateway Fashion Mall did not respond to the Plaintiff's motion to dismiss, but this fact alone does not warrant dismissal. For these reasons, the Court in its discretion, and after careful consideration of all relevant factors, concludes that a Rule 41(a)(2) dismissal is not warranted. Instead, the Court will consider the second part of Hancock Fabrics' motion requesting the Court allow an amendment to the complaint to include a claim for a breach of the settlement agreement.

**B.     MOTION TO AMEND**

Rule 15 of the Federal Rules of Civil Procedure provides that the Court may permit a party to amend the pleadings when justice so requires. Fed.R.Civ.P. 15(a)(2). It is generally left to the court's discretion whether to grant leave to file an amended pleading. Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992). "Unless there is good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend is generally granted.'" Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (citing Brown, 957 F.2d at 566). Although a party does not have an absolute right to amend a pleading, such motion should only be denied on the merits if it asserts clearly frivolous claims or defenses. See id. at 908 (citing Williams, 21 F.3d at 224 and Gamma-10 Plastics, Inc., 32 F.3d at 1255). "Likelihood of success on the new claim or defense[ ] is not a consideration for denying leave to amend unless the claim is clearly frivolous." Id.

A bench trial in this matter is set to commence on July 9, 2013. On February 14, 2012, Judge Charles S. Miller, Jr. issued a scheduling order which provided that "[t]he parties shall have until September 1, 2012 to move to amend pleadings to add claims or defenses." See Docket No. 14. An early settlement conference was held on June 21, 2012 before Judge Miller. After the settlement conference was held and an agreement was reached, efforts to memorialize the agreement in writing proved unsuccessful. Hancock Fabrics now seeks to amend their complaint to include a cause of action to enforce the settlement agreement they believe the parties reached in the settlement conference. Hancock Fabrics filed their motion to amend the complaint on August 17, 2012, well before the September 1st deadline. See Docket No. 24. Hancock Fabrics has provided the Court with

a basis for the proposed amendments and a compelling reason why they should be afforded leave to amend the complaint in the form of a memorandum in support of the motion to amend, as well as the amended complaint itself. After careful consideration of the aforementioned factors, along with the motion being filed in compliance with the scheduling deadlines, the Court finds that allowing Hancock Fabrics leave to amend the complaint would not unduly delay resolution of this matter or cause undue prejudice to any party.

### III.    CONCLUSION

The Court has carefully reviewed Hancock Fabrics' proposed amendment to its complaint (Docket No. 26-10), the entire record, and relevant case law. The Court finds it appropriate to exercise its broad discretion in denying Hancock Fabrics' request to dismiss its complaint and instead permitting Hancock Fabrics leave to amend the complaint. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's "Motion for Dismissal with Specific Terms or in the Alternative to Amend the Complaint" (Docket No. 24). The Court **DENIES** Hancock Fabrics' motion to dismiss and **GRANTS** the motion to amend. The Court further **ORDERS** the Clerk of Court to file the amended complaint submitted with the motion (Docket No. 26-10). The Court also directs the Clerk of Court to serve the amended complaint on behalf of the Plaintiff, Hancock Fabrics.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2012.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court